STEVEN BURNS, Plaintiff-Appellant, v. KATHLEEN GREZEKA, Special Adm'r for the Estate of George E. Kinzey, Deceased, Defendant-Appellee.

Second District No. 2—86—0976

Opinion filed May 12, 1987.

David L. Lee, of Chicago, for appellant.

Patricia L. Argentati, of O'Reilly, Cunningham, Duncan & Hick, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Steven Burns, appeals from a summary judgment entered in favor of defendant, Kathleen Grezeka, special administrator of the estate of George Kinzey, deceased, in which plaintiff sought to recover damages alleged to have been caused by Kinzey's negligence in driving his automobile into the rear of a stationary van in which plaintiff was a passenger. Plaintiff contends that the trial court erred in granting summary judgment as there are unresolved factual issues.

On December 12, 1983, plaintiff was a passenger in a van driven by Michael Baranko which was stopped at a red light on Roosevelt Road in Lombard, Illinois, when it was struck in the rear by a car driven by defendant's decedent, George Kinzey. Plaintiff brought this action against Kinzey for negligence to recover damages for lost wages and personal injuries. Kinzey subsequently died and plaintiff amended his complaint, naming Kinzey's estate as defendant. In its answer, defendant alleged as an affirmative defense that Kinzey had suffered from a sudden illness which was the proximate cause of the collision.

Subsequently, defendant moved for summary judgment on the ground that Kinzey was the victim of an "Act of God" and attached excerpts from the depositions of plaintiff, Michael Baranko, and Dr. Yogesh Vajaria in support of its motion.

In his deposition, plaintiff stated that Baranko left the van approximately 1½ minutes after the accident and, after appearing to talk to Kinzey, he returned to the van and told plaintiff that Kinzey was having a heart attack. Plaintiff stated that Kinzey was gasping for air, unconscious, and his skin was a grayish-blue color.

Michael Baranko stated in his deposition that he first observed Kinzey 10 or 15 seconds after the accident and noted that his eyes were open, but rolled back, and his arms were up; shortly thereafter, he observed that Kinzey was unconscious and drooling, with his eyes closed and his arms down.

Dr. Yogesh Vajaria stated in his deposition that he examined Kinzey shortly after the accident and determined that he was suffering from an abdominal aneurysm which had been present for the past two or three years and had ruptured spontaneously. The rupture had caused Kinzey's blood pressure to drop and had rendered him unconscious approximately 45 to 60 seconds afterwards. Dr. Vajaria stated that Kinzey told him he was driving his car when he suddenly became

weak and passed out. Based upon this recollection and the fact that he could not find any other cause for Kinzey's dizziness, Dr. Vajaria expressed a belief it was most probable that the aneurysm had preceded and caused the accident. He stated that there were no bruises or contusions on Kinzey, indicating that the trauma from the impact was insignificant. He also stated that increased back pain is a symptom of a ruptured aneurysm but that Kinzey would not have experienced any forewarning of the rupture.

In response to defendant's motion for summary judgment, plaintiff filed additional excerpts from Dr. Vajaria's deposition and a report by the Du Page County sheriff's police, which, in a section entitled "Describe Suspects' Actions and Speech," stated that Kinzey had fainted while at the red light. Dr. Vajaria also stated that his emergency room records indicated that Kinzey told him that he believed he passed out in his car while it was at a stop. Dr. Vajaria further stated that, based upon a reasonable degree of medical certainty, it was possible that the accident had preceded and caused the rupture.

The trial court granted defendant's motion for summary judgment on the ground that no issue of material fact existed on the basis of the evidence presented, and this appeal followed.

Plaintiff contends that the trial court erred in granting summary judgment, arguing that there remained a disputed factual basis which would arguably entitle him to judgment and that Dr. Vajaria's testimony did not establish as a matter of law that the rupture preceded the collision.

 Summary judgment should be granted where there is no genuine issue of material fact and where the right of the moving party is clear and free from doubt. (*Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 175, 483 N.E.2d 21; *Mortell v. Insurance Co. of North America* (1983), 120 Ill. App. 3d 1016, 1024, 458 N.E.2d 922, *appeal denied* (1984), 101 Ill. 2d 547.) In determining whether a genuine factual issue exists, the court must strictly construe the evidence against the party moving for summary judgment. (*La Salle National Bank v. Helry Corp.* (1985), 136 Ill. App. 3d 897, 902, 483 N.E.2d 958; *Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1078, 478 N.E.2d 464.) Summary judgment must be denied if a fair-minded person could draw more than one conclusion or inference from the facts. (*National Boulevard Bank v. Georgetown Life Insurance Co.* (1984), 129 Ill. App. 3d 73, 88, 472 N.E.2d 80, *appeal denied* (1985), 102 Ill. 2d 555; *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231, 450 N.E.2d 756, *appeal denied* (1983), 96 Ill. 2d 537.) A nonmoving party is not required to prove his case in response

to a motion for summary judgment, but is required to present some factual basis which would arguably entitle him to judgment in his favor. (*National Loss Control Service Corp. v. Dotti* (1984), 126 Ill. App. 3d 804, 808, 467 N.E.2d 937; *Martin v. 1727 Corp.* (1983), 120 Ill. App. 3d 733, 737, 458 N.E.2d 990, *appeal denied* (1984), 99 Ill. 2d 529.) In order to adequately state a cause of action for negligence, the allegations must establish the existence of a duty of care owed by defendant to plaintiffs, a breach of that duty, and an injury proximately resulting from that breach. *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116; *Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 850, 485 N.E.2d 478.

■■ We agree with defendant's argument that a rear-end collision does not automatically establish the liability of the driver of the rear vehicle as a matter of law (*Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 145, 479 N.E.2d 976, *appeal denied* (1985), 108 Ill. 2d 593; *David v. Black* (1981), 98 Ill. App. 3d 1130, 1131, 425 N.E.2d 4); however, that is not the issue before us. We must determine here whether the fact of a rear-end collision into a stationary vehicle is sufficient to satisfy the requirement that plaintiff present a factual basis for his allegation of breach of duty in order to survive defendant's motion for summary judgment.

■■■ Plaintiff argues that the fact that the van was struck in the rear while stopped at a red light was sufficient to establish a *prima facie* case of negligence and defeat defendant's motion for summary judgment. (See W. Prosser & W. Keaton, Torts sec. 40, at 258 (5th ed. 1984).) Our supreme court recently determined that an accident caused by driving on the wrong side of the road established a *prima facie* case of negligence (*Osborne v. O'Brien* (1986), 114 Ill. 2d 35, 41, 499 N.E.2d 455), and there are numerous Illinois cases holding that the issue of a motorist's negligence in colliding with the rear of a stationary vehicle is a question for the jury (see *Marynczak v. D & L Transport Co.* (1981), 94 Ill. App. 3d 381, 418 N.E.2d 972; *Chambers v. Penn Central Transportation Co.* (1972), 8 Ill. App. 3d 69, 289 N.E.2d 51; *Pellico v. Jackson* (1966), 70 Ill. App. 2d 313, 217 N.E.2d 281; *Schrage v. Allied Paper Corp.* (1962), 34 Ill. App. 2d 9, 180 N.E.2d 221). It seems apparent that, although the fact of a rear-end collision into a parked vehicle is not sufficient to establish liability as a matter of law, it is adequate to raise a *prima facie* case of negligence on the part of the driver of the rear vehicle. We conclude that plaintiff has presented sufficient facts to establish a cognizable cause of action and defendant was not entitled to summary judgment on this basis.

We next consider whether defendant's affirmative "Act of God" defense established as a matter of law that Kinzey was not responsible for the collision. Both parties rely on the testimony of Dr. Vajaria, who testified that Kinzey told him he passed out while driving and, therefore, Vajaria believed it was most probable that the rupture of the aneurysm had preceded and caused the accident. However, the doctor subsequently testified that his records indicated that Kinzey told him he passed out while the car was at a stop and that it was possible the accident had preceded the rupture. He also stated that the aneurysm had existed for two or three years and had ruptured spontaneously and without forewarning.

■■ ■ Both parties acknowledge that an unforeseeable sudden illness which renders a driver incapable of controlling his vehicle is an "Act of God" and can preclude tort liability for a resulting collision. (See *Hoggatt v. Melin* (1961), 29 Ill. App. 2d 23, 31, 172 N.E.2d 389.) However, we cannot say that the evidence demonstrates as a matter of law in this case that the rupture of Kinzey's aneurysm caused the accident. Dr. Vajaria's testimony was contradictory and, at most, indicated that it was more probable that the rupture occurred prior to the collision; it does not establish that disputed question. It is also possible that Kinzey could be considered negligent for driving in an impaired state of health or for failing to pull his vehicle over to the side of the road in the 45 to 60 seconds before the rupture rendered him unconscious. We conclude that a genuine issue of material fact remains in this case and that the trial court erred in granting summary judgment in favor of defendant.

Accordingly, the judgment of the circuit court is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

DUNN and INGLIS, JJ., concur.