FRANK T. MIKLOS, Guardian of the Estate of Jeffrey A. Miklos, a Disabled Person, Plaintiff-Appellant, v. ANTHONY CALIENDO, Defendant-Appellee.

Second District   No. 2—86—0605

Opinion filed September 24, 1987.

INGLIS, J., dissenting.

Robert A. Clifford, Robert E. Nora, and Robert P. Sheridan, all of Robert A. Clifford & Associates, of Chicago, for appellant.

Howard K. Priess II, Brian P. Shaughnessy, and Francis A. Spina, all of Tressler, Soderstrom, Maloney & Priess, of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Frank T. Miklos, as guardian of the estate of his disabled son, Jeffrey, filed suit against defendant, Anthony Caliendo, for injuries Jeffrey sustained when he was struck by a truck driven by defendant. The trial court granted defendant's motion for summary judgment, and plaintiff appeals. We find that an issue of material fact exists which precludes entry of summary judgment, so we reverse.

In the early morning hours of September 15, 1983, defendant was driving a tanker truck westbound on what was then known as I-5, an interstate highway now known as I-88. Approximately four-tenths of a mile east of the Naperville Road exit from I-5, defendant's truck came in contact with Jeffrey Miklos. Jeffrey's body was found on the north shoulder of the highway, 5.6 feet from the edge of the northernmost lane of traffic. His body was at an angle, with his head pointing in a northeasterly direction and his feet pointing southwest.

A State trooper called to the scene, Trooper Dreyer, examined the area of the accident, but according to his deposition testimony, he was unable to determine where the impact had occurred. The only blood at the scene was under Jeffrey's body. Jeffrey's injuries included a large laceration on the right shin, an irregular laceration of the scalp and a fractured skull. The scalp laceration and skull fracture were just above and behind the left ear. Jeffrey also sustained abrasions to his right arm, right hip, left hip, left iliac crest and the left side of his back, and a contusion affecting the left ankle.

Trooper Dreyer also examined defendant's truck. He noticed that the fiberglass right front fender was cracked or broken. While he could not be certain that the fender damage was caused by the accident, the damage appeared fresh to Trooper Dreyer. He also noticed that the screen over the muffler on the right side of the truck was dented. There was blood on the screen, located less than five feet from ground level, approximately even with the bottom of the door of the semi.

When defendant moved for summary judgment, he supported the motion with the transcript of the discovery deposition of Jeffrey, and an affidavit in which defendant set forth his version of the accident. Plaintiff objected to defendant's affidavit as violative of section 8—201(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 8—201(a)), commonly known as the Dead Man's Act, because, due to his injuries, Jeffrey has no recollection of the accident. Plaintiff did not obtain a ruling on the objection, but it does not appear that the trial court considered defendant's affidavit. Rather, in granting summary judgment, the trial court stated that the reason for doing so was that the record contained nothing to indicate negligence on the part of defendant.

Plaintiff moved for a rehearing and supported the motion with his own affidavit as to the careful habits of Jeffrey, the accident report of Trooper Dreyer, and a medical report from Dr. Mousavi, one of Jeffrey's treating doctors, which disclosed the character of Jeffrey's injuries. Plaintiff also attached the transcript of defendant's deposi-

tion which, plaintiff argues, contains an admission that defendant had given a different version of the occurrence to Trooper Dreyer than the version contained in defendant's affidavit.

Defendant moved to strike the Mousavi and Dreyer reports, objecting that it was improper for plaintiff to support his motion with documents that would not be admissible at trial. Plaintiff then filed supplementary exhibits consisting of the depositions of Trooper Dreyer and Dr. Mousavi, photographs of defendant's truck after the accident, and the affidavit of Joseph Kostur, an accident reconstruction expert. Defendant moved to strike Kostur's affidavit on several grounds and also replied that there was still no evidence of negligence. The trial court granted plaintiff's motion for rehearing and considered the new submissions. The court then struck Kostur's affidavit and again granted summary judgment for defendant.

■ Plaintiff argues on appeal that the trial court erred in striking Kostur's affidavit and in granting summary judgment for defendant. Defendant responds that the trial court acted properly in striking Kostur's affidavit and in entering summary judgment. In addition, defendant argues that the statement of facts contained in plaintiff's appellate brief is not in compliance with Supreme Court Rule 341(e)(6). (107 Ill. 2d R. 341(e)(6).) Specifically, defendant argues that plaintiff's statement of facts is merely a collection of arguments and does not state the facts accurately and fairly without argument or comment. Defendant urges us to strike plaintiff's statement of facts and to dismiss the appeal as an appropriate sanction. After examination of plaintiff's statement of facts, however, we find no violation of Rule 341(e)(6) worthy of such sanction. The complained-of portions merely set forth the positions of the parties in the proceedings below and are not argumentative in themselves. We turn now to the merits of the appeal.

■ The first issue we must decide is whether the trial court properly struck Kostur's affidavit. We examine this point first because if we decide that the trial court erred in striking the affidavit, we can also consider the affidavit in determining if summary judgment for defendant was proper. We hold, however, that the trial court properly struck Kostur's affidavit because the affidavit does not set forth the facts on which Kostur based his conclusions.

Kostur's affidavit first describes his qualifications as an accident reconstruction expert. Although defendant questions whether Kostur's background as set forth qualifies him as an expert, we will assume that it does for purposes of the following discussion. The affidavit then states that Kostur read the depositions of Trooper Dreyer,

Dr. Mousavi, defendant, plaintiff and Jeffrey, and that he also examined the police report, photographs of the truck and Jeffrey's medical records. He also states that this type of information is customarily and ordinarily relied upon by experts in his field. Then, stating that his opinions were based upon a reasonable degree of accident construction and scientific certainty, Kostur concluded that Jeffrey was most likely struck while on the shoulder of the roadway and that the accident could not have happened as defendant described it in his deposition testimony and affidavit.

Supreme Court Rule 191 states in pertinent part:

> "Affidavits in support of and in opposition to a motion for summary judgment under section 2—1005 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *** shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 107 Ill. 2d R. 191(a).

Kostur's affidavit is devoid of any facts on which he based his conclusions. He simply states that he has read various depositions and records, but in no way indicates which facts contained in those documents led him to his conclusions. Kostur's affidavit thus did not meet the requirements of Rule 191 and was properly stricken. *Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1079.

■ Plaintiff argues that Kostur should be allowed to set forth conclusions in his affidavit without disclosing the underlying facts, according to the holding of *Wilson v. Clark* (1981), 84 Ill. 2d 186, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140. A similar argument was rejected, however, in *Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073. The *Wilson* court had held that an expert may give opinion testimony at trial without disclosing the facts underlying the opinion, the burden being on the adverse party to elicit the facts underlying an expert opinion on cross-examination. (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 194.) The *Kosten* court distinguished *Wilson* thusly:

> "*Wilson* has no relevance to summary judgment procedure. An affidavit utilized in summary judgment procedure is totally different from testimony at trial. The affidavit cannot be cross-examined as can a witness at trial.
>
> Supreme Court Rule 191 is specific in mandating that affidavits cannot consist of conclusions but must set forth facts admitted [*sic*] in evidence. [Citation.] *Wilson* did not overrule or

modify Rule 191." (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1080.)

We agree with the *Kosten* court that an affidavit accompanying a motion for summary judgment must set forth the facts which underlie any expert opinions or conclusions contained therein. Since Kostur's affidavit did not meet this requirement, the trial court properly struck it. We turn now to the question of whether, based on the rest of the submissions, the trial court properly entered summary judgment for defendant.

■■■ On this issue, plaintiff first argues that the trial court erred if it considered defendant's affidavit. Plaintiff urges that since Jeffrey has no memory of the accident and has had a guardian appointed for him, he is a disabled person for purposes of the Dead Man's Act. (Ill. Rev. Stat. 1983, ch. 110, par. 8—201.) We agree that Jeffrey's disability would bar defendant from testifying to his version of the accident under the plain language of the Dead Man's Act and that defendant's affidavit is likewise incompetent. As noted above, though, it does not appear that the trial court relied on defendant's affidavit in granting summary judgment. The court's statements clearly indicate that the basis for granting summary judgment was what the court considered to be the absence of any indication that defendant was negligent, not defendant's affidavit. Furthermore, plaintiff acknowledges that this court will not presume error, but that we will presume that the trial court considered only competent matters. (*Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 178.) This presumption is adequately supported by the record, and we thus conclude that the trial court did not improperly consider defendant's affidavit, so no error was committed in that regard.

■■■ Plaintiff next argues that, even if the trial court did not consider defendant's affidavit, summary judgment was still improper because there is circumstantial evidence which presents the material issue of whether Jeffrey was struck on the roadway or on the shoulder of the highway. It is axiomatic that summary judgment should only be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) The right of the moving party must be clear and free from doubt, and in determining whether a genuine factual issue exists, the evidence must be strictly construed against the moving party. (*Burns v. Grezeka* (1987), 155 Ill. App. 3d 294, 297.) Summary judgment

must be denied if a fair-minded person could draw more than one conclusion or inference from the facts. 155 Ill. App. 3d 294, 297.

Plaintiff's complaint here alleged that defendant was in some way negligent in colliding with Jeffrey. Plaintiff should not have been required to prove his case in response to defendant's motion for summary judgment, but it was necessary for him to present some factual basis which would arguably entitle him to judgment in his favor. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85; *National Loss Control Service Corp. v. Dotti* (1984), 126 Ill. App. 3d 804, 807-08.) To adequately state a cause of action for negligence here, plaintiff's allegations must have established a duty of care owed by the defendant to Jeffrey, a breach of that duty, and an injury proximately resulting from the breach. *Curtis v. County of Cook*(1983), 98 Ill. 2d 158, 162.

We agree with defendant that the mere fact that a vehicle has struck a pedestrian does not give rise to a presumption of negligence on the part of the driver. (*Hernandez v. Lukas* (1982), 104 Ill. App. 3d 692, 694.) If all that were known here was that defendant's truck had come in contact with Jeffrey, we could only guess whether defendant's conduct was negligent or whether his conduct was the proximate cause of Jeffrey's injuries. Summary judgment for defendant would thus be proper. As was stated by the court in *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, in affirming summary judgment for the defendant:

> "Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established where there is a reasonable certainty that defendant's acts caused the injury. [Citations.] No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury and if the plaintiff fails to establish the element of proximate cause, [he] has not sustained [his] burden of making a *prima facie* case ***." 92 Ill. App. 3d 813, 817.

Defendant here argues that, as in *Kimbrough*, there is no evidence that Jeffrey's injuries were caused by any negligence of defendant. In *Kimbrough*, plaintiff slipped and fell while leaving defendant's store. She did not know what caused her to fall, and there was no circumstantial evidence to explain the accident. (92 Ill. App. 3d 813, 815-16.) The *Kimbrough* court held that, on those circumstances, plaintiff could not prove that the defendant was in any way negligent and affirmed the grant of summary judgment for defendant. 92 Ill. App. 3d 813, 818.

In this case, however, there is more evidence than was

present in *Kimbrough*. Jeffrey's body was found on the shoulder of the road. No blood was found on the highway itself, nor was there any physical evidence that impact had occurred in the lanes of traffic. The only blood Trooper Dreyer could find was under Jeffrey's head. Furthermore, Jeffrey's most severe injury was to the back of his head, and he did not suffer severe abrasions, as would be expected if he had been knocked or dragged very far. Construing these facts most strongly against defendant, as we must in reviewing his motion for summary judgment (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85), it could be inferred that Jeffrey was struck while on the shoulder of the highway, thus raising a *prima facie* case of negligence on the part of the driver. (See *Burns v. Grezeka* (1987), 155 Ill. App. 3d 294, 298.) We, therefore, conclude that the circumstantial evidence here presents a material factual issue of whether Jeffrey was struck on the shoulder of the highway and that summary judgment for defendant was thus improper.

In summary, we hold that the trial court did not err in striking the affidavit of plaintiff's accident reconstruction expert, as that affidavit did not set forth the facts from which he reached his conclusions. We also hold that, even without that affidavit, the circumstantial evidence raises a material issue of fact so that the grant of summary judgment was error.

The judgment of the circuit court is accordingly reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WOODWARD, J., concurs.

JUSTICE INGLIS dissenting:

I concur with the opinion that an affidavit accompanying a motion for summary judgment must set forth the facts which underlie any expert opinions or conclusions contained therein. I respectfully dissent from that portion of the opinion which reverses the order granting summary judgment.

On September 15, 1983, at approximately 3:45 a.m., an unfortunate accident happened east of the Naperville Road exit on I-5, an interstate highway. The area was dark and unlighted. Plaintiff, a pedestrian, was struck by defendant's truck. Plaintiff was found on the shoulder of the road. Plaintiff is now disabled and cannot recall the incident. Defendant's lips are sealed by the Dead Man's Act (Ill. Rev. Stat. 1981, ch. 110, par. 8—201). Where did the point of impact take

place? No one knows. There was no accident debris. Blood was found on the truck and under plaintiff on the shoulder of the road. There was no blood anywhere else on the shoulder. There was no blood on the highway itself, nor was there any physical evidence indicating whether impact had occurred in the lanes of traffic or on the shoulder. I do not agree that a jury could infer from these facts that plaintiff was struck while on the shoulder of the highway. A jury verdict that would be based on mere conjecture, guess, or speculation should not be permitted. *D'Olier v. General Motors Corp.* (1986), 145 Ill. App. 3d 543, 548.

In considering summary judgment, this court recently ruled in *Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332, 338:

"No presumption of negligence arises from the mere happening of an accident. [Citation.] Negligence is not presumed but must be proved as a fact by the party alleging it. [Citation.]

The jury must base its decision on evidence and not on guess or speculation. [Citation.] Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. [Citation.]"

Plaintiff has failed to come forward with sufficient evidence by affidavit, deposition, admission, or other appropriate form to give support to a determination of how and where the incident occurred. When the pleadings, depositions, and affidavits fail to establish an element of the plaintiff's cause of action, summary judgment is proper. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85.) Summary judgment should not be reversed absent an abuse of discretion by the trial court such that plaintiff's right to fundamental justice is violated. 156 Ill. App. 3d 76, 86; *Kemp v. Sisters of Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 361-62.

Accordingly, I submit that granting summary judgment was appropriate in this case and would affirm the trial court.