MICHAEL J. DELIBERTO, Plaintiff-Appellant, v. LELAND STAHELIN *et al.*, Defendants-Appellees (Robert T. Cunningham *et al.*, Defendants).

Second District No. 2—87—1095

Opinion filed June 27, 1988.—Rehearing denied July 27, 1988.

George N. Avgeris, of George N. Avgeris, Chartered, of Hinsdale (Timothy M. Fisher, of counsel), for appellant.

James P. DeNardo and Patricia R. Morton, both of McKenna, Storer, Rowe, White & Farrug, of Chicago (Christine L. Olson, of counsel), for appellee Leland Stahelin.

O'Reilly, Cunningham, Norton & Mancini, of Wheaton (James L. DeAno, of counsel), for appellee Eagle Lawn Sprinkler Systems.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Michael J. Deliberto, appeals from a summary judgment entered in favor of defendants, Leland Stahelin and Eagle Lawn Sprinkler Systems (Eagle). Plaintiff contends that the trial court erred in granting summary judgment because genuine issues of material fact raised by the parties had not been resolved. We reverse.

At about 11:30 on the evening of September 13, 1984, plaintiff was a passenger in the front seat of a car driven by Robert Cunningham, and Scott Smykowski was a passenger in the backseat. The weather was clear and the roads were dry. Cunningham drove west on Du Page Boulevard in the Village of Glen Ellyn just before it turns sharply to the south and becomes Nicoll Way. As Cunningham drove around the curve the car began to skid, went out of control, and rolled over onto its roof. Plaintiff sustained serious injury to his hand.

Plaintiff brought this action against, among others, Stahelin and Eagle. Stahelin is the owner of the office building located on the southeast corner of the intersection of Du Page Boulevard and Nicoll Way. The landscaped areas of Stahelin's property, which abut both the south side of Du Page Boulevard and the east side of Nicoll Way, are irrigated by an automatic, in-ground sprinkler system which was installed by Eagle. In his second amended complaint plaintiff alleged that he was injured when Cunningham's car slid, skidded, and overturned due to water which, as a result of defendants' negligence, had been sprayed onto the roadway by the sprinkler system on Stahelin's property.

Both defendants filed motions for summary judgment. Stahelin based his motion on the ground that there was no evidence that any of his acts constituted a proximate cause of plaintiff's injury. He asserted that plaintiff had offered nothing more than speculation or con-

jecture that water from the sprinkler system caused the accident. Defendant Eagle claimed that plaintiff failed to show that any act by Eagle caused or contributed to the presence of water on the roadway. After a hearing the trial court granted both defendants' motions on the ground that there were no genuine issues of material fact as to either defendant.

Plaintiff argues that the factual issue of whether the water from the sprinkler system proximately caused his injury was sufficiently raised by his complaint and the deposition testimony offered to the trial court to defeat defendants' motions for summary judgment. Defendants respond with essentially the same arguments they made in support of their motions in the trial court. After reviewing the record we agree with plaintiff that his evidence was adequate to defeat defendants' motions.

■ Summary judgment is to be granted if the pleadings, depositions, and admissions which have been filed, along with any affidavits in support of the motion, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Miklos v. Caliendo* (1987), 161 Ill. App. 3d 132, 137.) However, summary judgment is a drastic measure and should not be granted unless the evidence, when construed most strongly against the moving party, establishes that the movant clearly and without doubt has a right to such relief. (*Schwaner v. Belvidere Medical Building Partnership* (1987), 155 Ill. App. 3d 976, 983.) Where the facts could lead a fair-minded person to draw more than one conclusion or inference, summary judgment must be denied. (*Burns v. Grezeka* (1987), 155 Ill. App. 3d 294, 297.) In the case at bar the pleadings and the evidence presented in support of and in opposition to the defendants' motions could lead to more than one conclusion and thus raise a genuine issue of material fact barring summary judgment.

In his complaint plaintiff alleged that Stahelin was negligent because he operated the sprinkler system in such a way that the road became wet and dangerous and because he failed to warn motorists of the dangerous condition. With regard to defendant Eagle, plaintiff alleged that Eagle negligently designed, assembled, and installed the system, thus causing a wet roadway, and failed to give adequate warnings as to the dangers of the system. Eagle's motion for summary judgment challenged the complaint on the basis of deposition testimony which purported to show that the sprinkler system had worked properly and safely when installed, had not malfunctioned prior to the time of the accident, and, in any event, had not been Ea-

gle's responsibility since long before the accident. William King, the owner of Eagle, testified that he had planned and adjusted the system to water the grass, not the roadways; that the system had worked properly when inspected and tested after its installation in 1979; and that Stahelin's maintenance personnel had been instructed in the correct operation of the system. King also indicated that, although Eagle had done maintenance and repair on the system after it was installed, the company had not been called for such work since 1981 or 1982.

Leland Stahelin's testimony confirmed much of King's testimony and added that a Stahelin maintenance worker tested the system weekly and adjusted the sprinkler heads when necessary. Stahelin's secretary also confirmed that Eagle had not performed any maintenance work on the sprinkler system since September 1983. Both Stahelin and his secretary indicated that they had neither seen water from the sprinkler system spray onto Du Page Boulevard or Nicoll Way nor received complaints about such spraying. As far as they knew, no changes had been made to the sprinkler heads after the accident.

Stating that he agreed with Eagle's claim that there was no evidence any water caused plaintiff's accident, defendant Stahelin joined in Eagle's motion for summary judgment "as said Motion speaks to the issue of proximate cause." Defendant characterized as mere speculation deposition testimony, described more fully below, that there was water on the road which caused the car to skid.

In response to defendants' motions plaintiff offered the deposition testimony of plaintiff, Scott Smykowski, and Robert Cunningham that the car in which they were riding unexpectedly encountered and began to slide on wet pavement as it rounded the curve and that the water was coming from sprinklers located on the southeast corner of the curve. While the testimony of the three occurrence witnesses varied as to exactly when they first noticed the water or wet pavement, the amount of accumulated water, and the distance the wetness extended from the curb out onto the roadway, that testimony was consistent that there was water on the road which came from the sprinklers on Stahelin's property.

Plaintiff also offered a statement from a post-occurrence witness. That statement, however, was quashed by the trial court because it did not constitute an affidavit and had not otherwise been made under oath. Because plaintiff referred to the witness' statement in his brief, we have examined it and, like the trial court, decline to consider it since it is not an affidavit and exhibits no other signs of reliability.

Finally, plaintiff presented deposition testimony of Kenneth Baker,

an expert on accident investigation and reconstruction. Baker indicated that he did not have sufficient information to determine whether there had been water on the road at a spot where it would have been a factor in the accident. Thus, he did not have an opinion to a reasonable degree of scientific certainty that water on the roadway caused the accident in which plaintiff was injured. However, the witness pointed out that a large amount of accumulated water could have caused difficulty in steering the vehicle and/or constituted a tripping mechanism sufficient to make the car flip over. Even a film of water could have caused the loss of some control over the steering mechanism as well as the loss of some degree of braking ability. Braking on a wet roadway, according to Baker, could also have facilitated wheel lockup, which, in turn, would result in loss of all control of the car. Baker did not think the driver had been driving too fast for conditions on the roadway. Nor, in his opinion, was the accident caused by oversteering or improper braking by the driver.

■ On this record, it is clear that plaintiff sought to defeat defendants' summary judgment motions by establishing the existence of factual issues relevant to the proximate cause of his injury. We think the complaint, along with the deposition testimony of all three occurrence witnesses and plaintiff's expert, was sufficient to do so. His evidence raised material factual issues as to the presence, amount, and extent of water on the roadway at the time of the accident, as well as the role any such water may have played in causing the accident. Defendants' deposition evidence that the sprinkler system operated properly when installed and that it had not previously sprayed onto the roadway did not resolve the questions of fact raised by plaintiff. In our view, all the evidence taken together could lead a fair-minded person to more than one conclusion or inference. Under such circumstances the right of defendants to summary judgment was not clear and without doubt and should have been denied. *Burns,* 155 Ill. App. 3d at 297; *Schwaner,* 155 Ill. App. 3d at 983.

■ Eagle argues that plaintiff failed to come forward with any facts to show that the presence of water on the roadway at the time of the accident related to any improper design, assembly, or installation by Eagle. In other words, defendant's claim seems to be that plaintiff has failed to establish one element of his negligence cause of action, *i.e.,* breach of a duty of care. This approach, however, begs the questions properly raised by plaintiff in this summary judgment procedure, a procedure "which almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried." (*Janes v. First Federal Sav-*

*ings & Loan Association* (1974), 57 Ill. 2d 398, 406.) Moreover, even if Eagle's argument is considered, it does not establish defendant's right to summary judgment.

Plaintiff produced evidence that the sprinkler system sprayed water on the roadway, and it is obvious this was not the intended purpose of the system. The inference can be drawn, and was alleged by plaintiff, that the system sprayed in the wrong direction as a result of Eagle's design, assembly, and installation. As we have already shown, defendant's evidence did not refute the allegation that water was sprayed on the street. Nor did defendant offer expert testimony to show that its design, assembly, and installation were proper. Thus, it cannot be said that defendant refuted the inference of negligent conduct. At best, defendant raised an inference of its own that, because of the lack of evidence of improper spraying prior to the accident, the design, assembly, and installation had been done properly and were not the cause of any accumulation of water on the road. Once again we are faced with two different inferences which might be drawn from the total body of evidence and conclude that defendant's right to summary judgment was not free from doubt.

■ Defendant Stahelin argues that plaintiff presented no more than speculation or conjecture that water from the sprinkler system caused the accident and that summary judgment was therefore proper. However, this case differs from *McCormick v. Maplehurst Winter Sports, Ltd.* (1988), 166 Ill. App. 3d 93, a case cited by defendant. In *McCormick*, there were no witnesses whatsoever to plaintiff's injury, and even plaintiff did not know what had happened to him. Therefore, the inferences drawn by plaintiff's expert were based completely on speculation. Here, plaintiff was undisputedly injured when the car in which he was riding rolled over. There were two other people in the car with plaintiff at the time, and all three occurrence witnesses stated that they saw water on the road either immediately before or immediately after the accident. Plaintiff testified that the car began to slide before it overturned. Smykowski spoke of the car "fishtailing" before Cunningham lost control. The testimony of plaintiff's expert, as well as common experience, indicates that, if the car came into contact with water as it rounded the curve, it could have lost both steering and braking ability and thus could have gone out of control. This evidence provides a sufficient factual basis for the inference that water on the road proximately caused the accident which resulted in plaintiff's injury. The factual questions raised by the evidence precluded a grant of summary judgment.

Defendant Stahelin also cites *Zonta v. Village of Bensenville*

(1988), 167 Ill. App. 3d 354, in support of his position. In *Zonta* summary judgment was granted when plaintiff established only that he was injured when he leaned against a plate glass window in defendant's building and the glass broke. He offered no evidence of what defect in the window caused his injuries. Rather, he merely speculated that the glass might have been too thin. In contrast, in the case at bar plaintiff's complaint and deposition testimony are adequate to establish that defendant's sprinkler system was operating in a defective manner since it sprayed water in a direction the water was not meant to go, *i.e.*, onto the roadway.

The parties raise several other issues; however, since disposition of this matter by summary judgment in the lower court was premature, those issues are also before us prematurely and need not be considered.

Accordingly, the judgment of the circuit court is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and WOODWARD, JJ., concur.