LORE HABEL, Plaintiff-Appellant, v. MICHAEL WILSON, Defendant-Appellee.

Second District   No. 2—88—0072

Opinion filed October 7, 1988.

Donald R. Brewer, of Chicago, for appellant.

Glen E. Amundsen and Patrick J. Lubenow, both of Querrey & Harrow, Ltd., of Waukegan, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Lore Habel, appeals from a judgment of the circuit court of Lake County granting the motion for summary judgment of defendant, Michael Wilson. On appeal, plaintiff contends that summary judgment was improper because there was a genuine issue of material fact. We affirm.

Plaintiff and defendant were involved in an automobile accident at the intersection of Hunt Club Road and Orchard Valley Drive in Lake County on February 22, 1985. Plaintiff filed suit against defendant in February 1987, alleging negligence and requesting damages in excess of $15,000. Following discovery, defendant filed a motion for summary judgment, alleging that there were no genuine issues of material fact.

Plaintiff stated in her discovery deposition that the weather was foggy and damp on February 22, 1985. She was traveling westbound on Orchard Valley Drive when she arrived at the intersection of Orchard Valley Drive and Hunt Club Road. Orchard Valley Drive has a stop sign at the intersection; Hunt Club Road does not. Plaintiff said that she stopped at the stop sign and looked in both directions. She could only see approximately three car lengths in either direction.

Plaintiff waited four or five seconds and then slowly pulled out from the intersection to make a left-hand turn. As she entered the intersection, she saw defendant's car three or four feet away from her car. She heard tires screeching immediately before the impact occurred. Plaintiff stated that she could not estimate defendant's speed prior to impact.

Defendant stated in his discovery deposition that he was travelling northbound on Hunt Club Road at approximately 40 miles per hour. The posted speed limit on Hunt Club Road is 45 miles per hour. Defendant stated that he could see approximately 125 feet in front of him on Hunt Club Road. As defendant approached the intersection of Hunt Club Road and Orchard Valley Drive, he saw a car approaching the intersection on Orchard Valley Drive. The car did not stop at the intersection, but "rolled" through the stop sign onto Hunt Club Road. Defendant attempted to stop his car before impact, but was unsuccessful.

The trial court held a hearing on defendant's motion on January 15, 1988. The trial court found that there was no genuine issue of ma-

terial fact and granted defendant's motion for summary judgment. This appeal ensued.

■ A motion for summary judgment should only be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) The evidence must be strongly construed against the moving party, and the moving party's right to summary judgment must be clear and free from doubt. *Miklos v. Caliendo* (1987), 161 Ill. App. 3d 132, 137.

This court recently considered a case with facts virtually identical to those in the case at bar. (See *Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332.) In *Whitman*, the plaintiff driver was attempting to make a left-hand turn onto a preferential highway when she was struck by a vehicle driven by the defendant. (152 Ill. App. 3d at 334.) The plaintiff driver stated that she proceeded into the intersection after coming to a stop. (152 Ill. App. 3d at 334.) The defendant stated that he was driving under the speed limit on Army Trail Road when the plaintiff driver pulled out and the collision occurred. (152 Ill. App. 3d at 334.) The trial court granted the defendant's motion for summary judgment. (152 Ill. App. 3d at 336.) We affirmed, stating:

> "The evidence shows that defendant was driving within the speed limit on a preferential road. The plaintiffs, driver and passenger, both failed to see defendant, and plaintiff driver drove their car in front of defendant's line of travel. Based on the evidence presented to the trial court, the court would have been required to direct a verdict. Therefore, summary judgment was properly entered." 152 Ill. App. 3d at 338.

■ The facts of the instant action lead us to the same conclusion. Defendant was traveling within the posted speed limit when plaintiff pulled her car away from the stop sign and into defendant's path. Plaintiff attempts to distinguish *Whitman* by arguing that the weather conditions in *Whitman* were clear and sunny, while the collision in the instant action took place on a foggy, rainy day. Plaintiff mischaracterizes the facts in *Whitman*. Although the defendant in that case stated that the *lighting conditions* were clear and sunny, he further testified that there was a light rain falling. (152 Ill. App. 3d at 334.) The fact that it was raining was corroborated by one of the police officers at the scene. (152 Ill. App. 3d at 335.) Furthermore, the plaintiff driver testified that the weather conditions were "rainy, foggy, and misty," and a second police officer characterized the weather conditions as "foggy, overcast, misty, and bad." (152 Ill. App.

3d at 334-35.) In our opinion there is no legitimate basis for distinguishing *Whitman*, and we find that decision dispositive of the instant appeal.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.