(No. 53153.—)

JOHN D. WILSON, Appellee, v. DAVID J. CLARK, Appellant.

*Opinion filed February 3, 1981.—Modified on denial of rehearing March 27, 1981.*

Gates W. Clancy, of Geneva (James S. Mills, of counsel), for appellant.

Frank C. Stanley, of Chicago, for appellee.

Philip H. Corboy and Associates, P.C., of Chicago (Philip H. Corboy, Robert A. Clifford, and Robert J. Glenn, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

MR. JUSTICE MORAN delivered the opinion of the court:

In the circuit court of Kane County, plaintiff, John Wilson, brought an action against defendant, Dr. David Clark, following the alleged negligent medical treatment of the plaintiff which resulted in the amputation of his right leg below the knee. Following a jury trial, a verdict was returned for the defendant. On appeal, the appellate court was presented 10 issues for review. The court con-

sidered three of these issues and reversed the trial court. (80 Ill. App. 3d 194.) It held that no foundation was established for the admission of hospital records into evidence and that a hypothetical question based upon these records should not have been allowed. The appellate court also found that the trial court had allowed incompetent and prejudicial testimony to be admitted on the issue of contributory negligence and that such admission constituted reversible error.

Although plaintiff has again raised 10 issues, we find it necessary to address only those where objections were specifically raised in the post-trial motion.

Plaintiff argues that his claim that the trial court erroneously permitted admission of incompetent and prejudicial testimony on the issue of contributory negligence was raised with sufficient specificity in his post-trial motion. The two allegations of this error, as set forth in the post-trial motion, stated:

"21. The Court was in error in allowing witnesses to answer questions on irrelevant, immaterial and prejudicial matters.

22. The Court was in error in admitting improper, irrelevant, immaterial and/or prejudicial evidence."

The appellate court indicated that because plaintiff objected to the error during trial, he did not have to specifically raise the same error in the post-trial motion.

Prevailing statutory and case authority in Illinois is contrary to the appellate court's position. (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(2); 73 Ill. 2d R. 366(b)(2)(iii); *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344; *Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 127; *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 114.) These authorities hold that post-trial motions must contain specific allegations of error relied on for relief. The allegations here do not set forth a succinct statement of the factual basis upon which plaintiff's conclusions are drawn (*Brown v. Decatur Memorial*

*Hospital* (1980), 83 Ill. 2d 344, 350), and the claimed error has not been properly preserved for review.

Plaintiff next contends he should have been awarded a judgment notwithstanding the verdict. According to the often-cited *Pedrick* standard, a party is entitled to a judgment *n.o.v.* "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) Plaintiff presented evidence that defendant failed to treat a "known infecting organism." He maintains that this, in and of itself, requires a judgment in his favor. On the other hand, the evidence reveals several points supporting defendant's contention that his treatment was not improper. Defendant testified that he was attempting to stop the more aggressive or virulent bacteria such as staphylococci. The defendant also testified that pseudomonas is always present in plaintiff's skin and is an organism that is easily killed off by a healthy blood supply. In addition, the defendant found support in plaintiff's own expert witness, Dr. Robbins, who amputated plaintiff's leg. Dr. Robbins testified that the infection could have been arrested and cured if plaintiff had checked into the hospital on October 1, 1974. Thus, this testimony raises a question as to the proximate cause of plaintiff's injury. Further, Dr. Nyman's testimony that defendant's treatment met the standard in effect in Kane County could serve as a proper basis for a jury's verdict in favor of the defendant. Based upon these facts, the trial court did not err in failing to enter a judgment *n.o.v.*

We find that the trial court was not in error by instructing the jury on the issue of contributory negligence. The record reveals several actions by plaintiff that the jury could have concluded contributed to the nonunion and the ultimate amputation. Therefore, on the evi-

dence admitted, the jury was properly instructed as to plaintiff's contributory negligence.

Plaintiff claims that the court committed prejudicial error in limiting his redirect examination of Dr. Robbins. However, we find the record shows that the plaintiff was allowed to subsequently bring out on redirect examination the matters about which he objects.

Plaintiff also alleges that the jury should have been given an instruction on wilful and wanton conduct. He asserts that failure to treat the pseudomonas after the first culture was negligence, but failure to treat it after several examinations constituted wilful and wanton conduct. We disagree. As already indicated, the testimony of defendant, of Dr. Nyman, and of plaintiff's expert, Dr. Robbins, indicated that defendant's treatment may have been proper. This court has defined a wilful and wanton act as one that intentionally causes injury or one committed under circumstances exhibiting a reckless disregard for the safety of others. (*E.g., Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201.) Inasmuch as the evidence in this case presents the possibility that defendant's treatment may have been proper, there is nothing in the record to indicate that defendant intentionally caused plaintiff's injury, or that he acted in reckless disregard for plaintiff's safety. Consequently, it cannot be said that the trial court erred in failing to give the jury an instruction on wilful and wanton conduct.

We next consider plaintiff's argument that the trial court erred in allowing his hospital records to be admitted into evidence without proper foundation, and in permitting a hypothetical question based on those records.

Plaintiff argues that two procedural steps are necessary to enter hospital records into evidence. The first step is for the custodian of the records to verify that the records were kept in the ordinary course of business and are in the same condition as when the entries were originally

made. Plaintiff admits that he waived this requirement.

The second step is verification of the records by the testimony of the person who made the entries. Plaintiff did not waive this requirement. Over plaintiff's objection, the trial court, nevertheless, permitted defense counsel to place in evidence plaintiff's hospital records, which contained 100 pages of technical medical entries, including history sheets, temperature charts, medication charts, laboratory reports, administration sheets, X-ray reports, progress reports, pathology reports, post-anesthesia reports, physician orders and nurses' notes.

After the hospital records were placed in evidence, defense counsel was permitted to tell defendant's expert witness, Dr. Nyman, to assume the facts stated in the hospital records to be true and to further assume additional facts regarding plaintiff's treatment. Upon this foundation, defense counsel was then allowed to ask Dr. Nyman to give his opinion of whether the "hypothetical" Dr. Clark exercised the degree of knowledge and expertise expected of a board-certified orthopedic surgeon in Kane County.

Supreme Court Rule 236(a) (73 Ill. 2d R. 236(a)) provides that a business record shall be admitted into evidence without introducing all circumstances of its making. Under Rule 236(b), hospital records and police accident reports are excepted from subsection (a). Consequently, a proper foundation is needed before hospital records will be admitted into evidence.

The hospital records in this case were admitted into evidence without a proper foundation. However, we believe it is unnecessary for hospital records to be admitted in order to elicit an expert medical opinion. This court, in *People v. Ward* (1975), 61 Ill. 2d 559, 566-67, held that medical records may be used by an expert witness in forming an opinion as to an accused's sanity even though the reports are not admitted into evidence. Although *Ward*

involved a treating doctor giving an opinion, we believe that Federal Rule of Evidence 703, upon whose rationale the case relied, makes no distinction between the opinions of treating and nontreating doctors. The rule states:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." Fed. R. Evid. 703.

Both Federal and State courts have interpreted Federal Rule 703 to allow opinions based on facts not in evidence. (*United States v. Genser* (3d Cir. 1978), 582 F.2d 292, 298; *Bryan v. John Bean Division of FMC Corp.* (5th Cir. 1978), 566 F.2d 541, 545; *United States v. Sims* (9th Cir. 1975), 514 F.2d 147, 149; *State v. Pendry* (W. Va. 1976), 227 S.E.2d 210, 215.) None of these cases makes a distinction between treating and nontreating experts. According to these cases, the key element in applying Federal Rule 703 is whether the information upon which the expert bases his opinion is of a type that is reliable.

In addition, the advisory committee's note to Federal Rule 703 makes it clear that the rule applies to expert opinions based on firsthand observation, hypothetical questions, or presentation of data outside the court. The note provides:

"Facts or data upon which expert opinions are based may, under the rule, be derived from three possible sources. The first is the firsthand observation of the witness, with opinions based thereon traditionally allowed. A treating physician affords an example. *** The second source, presentation at the trial, also reflects existing practice. The technique may be the familiar hypothetical question or having the expert attend the trial and hear the testimony establishing the facts. *** The third source contemplated by the rule consists of presentation of data to the expert outside of court and other than by his own perception.

***" Fed. R. Evid. 703, Advisory Committee Note.

According to the note, allowing expert opinions based on facts not in evidence dispenses with "the expenditure of substantial time in producing and examining various authenticating witnesses. *** [The physician's] validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes." Fed. R. Evid. 703, Advisory Committee Note. See also McCormick, Evidence sec. 15, at 36 (2d ed. 1972); Weinstein, Evidence par. 703[02] (1978).

Generally it is extremely time consuming to call into court every person who made an entry in the hospital records. We hold that, in the future, as later stated, due to the high degree of reliability of hospital records, an expert may give his response to a hypothetical question based on facts contained in those records, even if the hospital records themselves are not in evidence.

Further, in following the modern trend under Federal Rule 705, an expert may give an opinion without disclosing the facts underlying that opinion. The rule states:

> "The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." Fed. R. Evid. 705.

Under Rule 705 the burden is placed upon the adverse party during cross-examination to elicit the facts underlying the expert opinion. (*Bryan v. John Bean Division of FMC Corp.* (5th Cir. 1978), 566 F.2d 541, 545.) The advisory committee's note to Rule 705 allows an expert opinion without disclosure of underlying facts whether the opinion is based on firsthand or secondhand information. In light of Illinois' extensive pretrial discovery procedures, this does not place an undue burden on the cross-examining party.

This court's following of Federal Rules 703 and 705 comports with the modern trend liberalizing certain trial procedures. Eighteen States (Alaska, Arizona, Arkansas, Colorado, Delaware, Florida, Maine, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, South Dakota, Washington, Wisconsin, and Wyoming) have adopted Federal Rule 703 verbatim, or with minor changes. California has adopted a similar provision. Seventeen States (Alaska, Arizona, Arkansas, Colorado, Florida, Main, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Washington, Wisconsin, and Wyoming) have adopted Federal Rule 705 verbatim, or with minor changes. In addition, California, Kansas and New Jersey have adopted similar provisions. Adoption of these two rules eliminates the time-consuming process of posing long hypothetical questions that afford an opportunity to sum up or reiterate the evidence in the middle of a case.

Although we hold that the trial procedures embodied in Federal Rules 703 and 705 should be followed, we believe it would be unfair to hold them applicable to the plaintiff in the instant case. Under Supreme Court Rule 236(b), the trial court erred in allowing the hospital records in evidence without a proper foundation. Under the law in effect at the time of trial, plaintiff had no notice that Dr. Nyman's (a nontreating expert's) opinion in response to a hypothetical question could be based on records not in evidence. Plaintiff's conduct of objecting to the admission of the hospital records, rather than cross-examining defendant's expert as to the facts utilized in forming his opinion, was reasonable. Plaintiff did not have to risk waiving his sound objection to the records, or expose the jury to information in the records he hoped to exclude, by cross-examining defendant's expert. In the context of this case, we hold that allowance of a hypothetical question based on hospital records improperly ad-

mitted into evidence constituted reversible error.

In conclusion, we adopt Federal Rules of Evidence 703 and 705, but because this opinion represents a change in Illinois law, we hold that, except as to the parties herein, to which this change shall apply in the retrial, the law of this case shall apply only to cases in which the initial complaints are filed on and after the date of this opinion, or in which trial commences on or after September 1, 1981. *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 46; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26-27.

For the above-stated reasons, the decision of the appellate court is affirmed and the cause is remanded to the trial court for a new trial.

*Affirmed and remanded.*