*In re* IDELLA SCRUGGS (The People of the State of Illinois, Petitioner-Appellee, v. Idella Scruggs, Respondent-Appellant).

First District (2nd Division) No. 84—2727

Opinion filed December 23, 1986.

James J. Doherty, Public Defender, of Chicago (Marilyn Martin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Michael D. Krejci, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Respondent was adjudged subject to involuntary admission under the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1985, ch. 91½, par. 1—100). She appeals contending that the primary evidence relied on by the circuit court was inadmissible hearsay.

On October 9, 1984, members of the staff of Jackson Park Hospital filed a petition accompanied by two certificates alleging that respondent was mentally ill and unable to provide for her basic physical needs so as to guard against serious harm. At a hearing on the petition, Alfred Schwarz, a clinical psychologist employed at Tinley Park Mental Health Center, testified that he had interviewed respondent twice, had reviewed the charts and records of her 15 previous hospitalizations, and had also interviewed respondent's family and members of the community. Diagnosing respondent as a paranoid schizophrenic with additional features of an affective disorder, he stated that she exhibited wide mood swings, believed everyone was lying to her, and that her daughter was the devil.

Schwarz further testified, over respondent's objections, that the manager of the public housing project where respondent had lived told him that she had opened her apartment door, in the nude, to admit a carpenter who had been sent by the manager to do some work. Schwarz also testified that the manager said that respondent had left her keys lying on the counter of the building's office, making them accessible to anyone passing by, and that her lease had been terminated as a result of these incidents. Schwarz then stated that he had personally observed that respondent had a black eye during her last hospitalization. He testified that a hospital employee told him that respondent reported having been beaten and raped. Schwarz stated that hospital records indicated that she had been admitted by her daughter and the police because she had become threatening and had not been taking her medication.

Schwarz concluded from his interviews with respondent, his review of her charts and records, and the various statements and information which he received that respondent placed herself into positions of danger due to a lack of insight and judgment and that she could not be relied upon to take the necessary antipsychotic medication since she denied suffering from any mental illness.

Respondent testified that she wished to be discharged from the

hospital and would participate in outpatient treatment and take the prescribed medication.

Requesting that the court enter an order of involuntary admission, the State relied almost exclusively upon Schwarz' expert opinion.

After the closing arguments, the following exchange occurred between the court and Mr. Schwarz:

"THE COURT: If I heard you correctly, she opened the door and let people in the apartment in the nude, is that correct? That was the testimony?

MR. SCHWARZ: That's right.

THE COURT: That's an invitation to trouble, problems. There will be a finding that the respondent is a person subject to involuntary admission ***."

Respondent now appeals that order of involuntary admission.

■ A person is subject to involuntary admission if she is mentally ill and, because of her illness, is unable to provide for her basic physical needs so as to guard herself from serious harm. (Ill. Rev. Stat. 1985, ch. 91½, par. 1—119(2).) In order to prevail on its petition for involuntary admission, the State must establish proof by clear and convincing evidence. *In re Johnston* (1983), 118 Ill. App. 3d 214, 218, 454 N.E.2d 840.

In the case *sub judice*, respondent contends that the requisite finding that she was unable to provide for her basic physical needs so as to guard against serious harm was based primarily upon inadmissible hearsay and did not approach the level of clear and convincing evidence. Relying upon *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140, and *People v. Ward* (1975), 61 Ill. 2d 559, 338 N.E.2d 171, the State argues that Alfred Schwarz, as an expert witness, could properly disclose the contents of otherwise inadmissible material upon which he reasonably relied in forming his opinion.

In *Wilson v. Clark*, the supreme court adopted Federal Rules of Evidence 703 and 705, which permit an expert to give an opinion on the basis of facts not admitted into evidence or even not actually admissible into evidence if such facts are of a type reasonably relied upon by experts in the particular field in forming their opinions. (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 193-95, 417 N.E.2d 1322.) As applied in *Wilson v. Clark*, the underlying facts were made admissible expressly during cross-examination in order to allow an expert to be attacked or to defend himself as to the underlying basis for his opinion. 84 Ill. 2d 186, 194, 417 N.E.2d 1322.

■ More recently the supreme court has explicitly expanded the application of Rules 703 and 705 to allow an expert to support his opinions during direct examination. (*People v. Anderson* (1986), 113 Ill. 2d 1, 9, 495 N.E.2d 485.) The court reasoned that "an expert should be allowed to reveal the contents of materials upon which he reasonably relies in order to explain the basis of his opinion." (113 Ill. 2d 1, 9, 495 N.E.2d 485.) This allows an expert not only to give an opinion premised on unadmitted or inadmissible evidence (Fed. Rules Evid. 703, 705; *Wilson v. Clark* (1981), 84 Ill. 2d 186, 193, 417 N.E.2d 1322), but also allows the expert to explain the basis for his opinion thereby aiding the jury in assessing the value of that opinion (*People v. Anderson* (1986), 113 Ill. 2d 1, 11, 495 N.E.2d 485). The court, in allowing the admission of these underlying facts, has limited their use to the evaluation of the expert and his opinion; they have no substantive value in proving or disproving a case. (113 Ill. 2d 1, 12, 495 N.E.2d 485.) Any substantive value attached to those underlying facts would therefore be error. If it is normal and reasonable within a field of expertise to rely upon the statements of others, then opinions premised on those statements must necessarily be allowed to demonstrate their factual underpinnings. The facts underlying the opinion provide no substantive proof at trial, but are instead limited to establishing the worth of the opinion derived therefrom. They may either enhance or diminish the resultant opinion and the expert delivering it and that is their sole purpose.

In the case at bar, Alfred Schwarz testified that he based his opinion that respondent was unable to care for her basic physical needs upon his examination of respondent, her charts and records, and independent investigation including information obtained through conversations with the manager of the building in which respondent resided. He stated that the manager told him that respondent was nude when she opened her door to admit a carpenter and that she had left her keys in the office of the building. Schwarz' response during cross-examination indicated that he was not familiar with either the details or circumstances of the incidents. This, however, does not bar the admission of those statements.

■ Respondent contends that the statements were incorrectly admitted, but made no showing, either at the hearing or on appeal, that such hearsay statements do not normally form the basis for psychologists' opinions. The unreliability of the hearsay and anecdotal statements, while deserving of questioning or criticism at the hearing, does not act to bar their admission, but rather acts merely as a caution as to the reliability of Schwarz' opinion. Accordingly, there was no error

in admitting those hearsay statements as evidence for the limited purpose of either validating or undermining the worth of Schwarz' professional opinion.

■ Here Schwarz' opinion, premised upon his examination of respondent, her medical charts and records, and his own independent interviews are clearly sufficient to withstand respondent's challenge on appeal. The circuit court clearly found Schwarz credible and was entitled to accept his opinion. The circuit court's question concerning respondent's alleged nude, door-answering incident is insufficient to rebut the presumption that the circuit court only considered the evidence for purposes for which it was competent, especially in light of the court's proper evidentiary rulings earlier on that same evidence. (*Reese v. Melahn* (1973), 53 Ill. 2d 508, 512-13, 292 N.E.2d 375; *American Wheel & Engineering Co. v. Dana Molded Products, Inc.* (1985), 132 Ill. App. 3d 205, 212, 476 N.E.2d 1291; *Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 180, 466 N.E.2d 1261.) Not every situation where it appears that a court may have considered evidence for an incompetent purpose warrants reversal. (*Roth v. Roth* (1970), 45 Ill. 2d 19, 24-25, 256 N.E.2d 838.) Here, an examination of the record reveals that the court was impressed by Schwarz' opinion and not by the bases of that opinion.

Accordingly, the order of the circuit court is affirmed.

STAMOS and SCARIANO, JJ., concur.