*In re* ESTATE OF ARTHUR N. GOTT, Deceased (Amy Boorom, Plaintiff-Appellant, v. Jeffrey D. Burgoyne, Adm'r of the Estate of Arthur N. Gott, Deceased, Defendant-Appellee).

Fourth District   No. 4—90—0838

Opinion filed May 9, 1991.

GREEN, J., dissenting.

Robert E. Cummins, of Kidwell, Cummins, Bast & Dunst, of Mattoon, for appellant.

William A. Sunderman, of Brainard, Bower & Kramer, of Charleston, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

This court allowed a request to present this interlocutory appeal by the plaintiff Amy Boorom from an order *in limine* entered in the circuit court of Coles County. (134 Ill. 2d R. 308.) The defendant herein is Jeffrey D. Burgoyne, administrator of the estate of Arthur N. Gott, deceased.

Plaintiff's complaint requests an award of damages for personal injuries that allegedly occurred as a result of a battery allegedly inflicted upon her by decedent. On the motion of defendant, the trial court entered an order *in limine* finding the Dead Man's Act (Act) (Ill. Rev. Stat. 1989, ch. 110, par. 8—201) renders the following evidence inadmissible or the witness incompetent to testify thereto:

> (1) evidence relating to decedent's conduct as described by plaintiff to Dr. Gaylin D. Lack, including that contained in a medical history given to Lack;
>
> (2) the testimony of Judith Culp, R.N., and her "incident report," describing the incident of May 11, 1987, both of which are based on plaintiff's oral representations; and
>
> (3) testimony or evidence from nurse's aid Judy Pennefather regarding statements made by plaintiff shortly after the incident to the effect that decedent struck plaintiff.

While the record on appeal is far from complete, it is obvious there were no independent eyewitnesses to the incident and that plaintiff is trying to prove the decedent did in fact strike her through the testimony of the persons to whom she spoke following the incident. The plaintiff's argument focuses on the fact that medical history, business records such as the incident report, and spontaneous declarations or excited utterances such as plaintiff's statement to Pennefather are generally considered to be exceptions to the rule against admitting hearsay into evidence.

However, the only issue before this court is whether the trial court properly ordered the exclusion of the evidence on the basis of the Act. The Act provides, in relevant part:

> "In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability ***." (Ill. Rev. Stat. 1989, ch. 110, par. 8—201.)

Plaintiff does not contend that the evidence subject to the order *in limine* fits any of the enumerated statutory exceptions to the Act. Ill. Rev. Stat. 1989, ch. 110, par. 8—201.

While this court does not intend to predetermine for the trial court the admissibility of any of this evidence in the event a hearsay objection is interposed at trial, it is rather difficult to see how plaintiff is prejudiced by the exclusion from the medical history of any reference to plaintiff identifying decedent as the person who struck her. Although it is true, as plaintiff asserts, that treating physicians are generally allowed to testify concerning statements made by the injured person if the statements are made during treatment or upon an examination made prior to and without reference to initiation of a lawsuit (*Greinke v. Chicago City Ry. Co.* (1908), 234 Ill. 564, 85 N.E. 327), the reliability of such statements is premised on the belief that the person seeking proper medical diagnosis and treatment would not be motivated to lie about the patient's medical history, past or present symptoms, pain, or sensations. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §803.8, at 638 (5th ed. 1990).) However, the identification of a particular perpetrator has absolutely nothing to do with seeking proper medical care and, therefore, the reliability of a statement to the effect that a specific individual is responsible for the injury remains in doubt unless some other exception to the rule against hearsay applies.

■ In any event, the purpose of the Act is to ensure a fair trial where one of the parties is unable to testify. The Act is not designed to disadvantage the living, but it is designed to protect estates against fraudulent claims being made by putting the parties on equal footing. *In re Adoption of Garrison* (1981), 93 Ill. App. 3d 670, 417 N.E.2d 787; *Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 341 N.E.2d 172.

The question presented in this case is whether a plaintiff can avoid the application of the Act and prove liability substantially through her own statements to third parties concerning the incident, an event about which plaintiff could not directly testify. Plaintiff cites several cases to support her argument that the trial court misapplied the Act. The cases relating to the hearsay exceptions need not be discussed. The cases in which the Act was applied are distinguishable from the case at bar. In *Mangan v. F.C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 336 N.E.2d 374, plaintiff's decedent died during the pendency of the suit. In *Mangan*, the court considered a treating physician's testimony that a medical history included plaintiff's decedent's statement that while at home she saw a mouse in the kitchen, was frightened, and fell, injuring her left hip. After assuming for the sake of argument that this evidence was not properly admitted, the reviewing court found no prejudice because the testimony was merely corroborative and cumulative of other evidence. Furthermore, the issue concerning whether such testimony was barred by the Act was waived since no such objection had been made at trial.

Plaintiff's cited case of *Clifford v. Schaefer* (1969), 105 Ill. App. 2d 233, 245 N.E.2d 49, is also distinguishable because plaintiff, a guest passenger, pursued an action against the executor of the host motorist and against the owner and operator of the other vehicle involved in the collision. The court held the Act did not bar the testimony of the investigating police officer concerning a statement made by the host motorist to the effect that he saw the other vehicle approaching but he thought he could safely make his left turn into a restaurant driveway. By its very language the Act clearly does not bar the testimony of independent witnesses to statements made by the party who is now unable to testify because of death or disability. *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249, involved a will contest. At the direction of an attorney, one of the devisees took a recorder to the hospital to make a recording of the conversation with the testator prior to execution of the will. The trial court reasoned that since the devisee was not a competent witness under the Act, the recording was also incompetent. The Illinois Supreme Court disagreed. Since a competent witness overhearing the conversation would not have been disqualified by the Act, the recording de-

vice stands in the place of such a competent witness and the Act does not render the recording inadmissible. The *Belfield* court relied on *Garrus v. Davis* (1908), 234 Ill. 326, 84 N.E. 924, in which a witness testified to having heard a conversation between a daughter and testatrix in an action by the daughter to contest the will.

None of these cases are controlling in the case at bar. The facts are clearly distinguishable.

■ The purpose of the Act being to avoid fraud, the purpose of the Act ought not to be frustrated merely because a person acting fraudulently may have made out-of-court rather than in-court statements. This is not to suggest in any way that we believe plaintiff is attempting to perpetrate a fraud. And it is recognized that the application of the Act is often harsh, applying to legitimate claims in order to ensure that other, fraudulent claims are not successfully prosecuted. Nevertheless, in order to promote the legislative intent and to further encumber the presentation of fraudulent claims, the Act should be construed to require that the nonparty witnesses can testify to the events or conversations involving a now deceased party only if they actually observed such events and conversations, and cannot testify to what a surviving party had to say about the event or conversation. A party should not be allowed to do by indirect means that which she is prohibited from doing directly. Nor are we persuaded that a different result is required by plaintiff's argument that the Act is designed to render specific witnesses incompetent rather than specific evidence inadmissible. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §606.2, at 316 (5th ed. 1990).) The Act does not prevent the witness from testifying at all. Instead, the Act restricts what the witness may testify about. If the protection of the statute is waived by the opposing party, then the witness would be competent to testify to the very matters about which the Act would otherwise have prevented the witness from testifying.

Accordingly, the order *in limine* of the circuit court of Coles County is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

LUND, P.J., concurs.

JUSTICE GREEN, dissenting:
I agree with the majority that nothing directly on point has been cited to us concerning the question of whether testimony by a competent witness as to an otherwise admissible statement by a declarant is inadmissible if the declarant was incompetent to testify because of the

Act. I disagree with the majority's determination that the testimony offered here would be inadmissible even if the testimony qualified as an exception to the hearsay rule. As does the majority, I do not pass upon the extent to which that testimony may qualify in that respect. I would reverse the order excluding the testimony on the theory it violated the Act and remand so that the circuit court can, at an appropriate time, pass upon any hearsay objection.

As the majority correctly sets forth, the Act is designed to protect estates against fraudulent claims being made by putting the parties on equal footing. (*Garrison*, 93 Ill. App. 3d 670, 417 N.E.2d 787; *Morse*, 34 Ill. App. 3d 1020, 341 N.E.2d 172.) However, the offered evidence here is sought to be introduced under the medical history, business records, spontaneous declaration, or excited-utterance exceptions to the hearsay rule. If the evidence qualifies under these exceptions, that occurs because the requirements for those exceptions sufficiently guarantee the trustworthiness so that the availability of the declarant is unnecessary for admissibility. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §803.1 (5th ed. 1990).) Because of stricture of those requirements, testimony as to plaintiff's prior statements meeting those requirements would have much less propensity for fraud than would the direct testimony of plaintiff produced at trial after she has had time to contemplate fabrications.

The express prohibition of the Act extends only to the *testimony* of an incompetent witness and not to testimony of others as to a statement by an incompetent witness. The Third District Appellate Court has noted that the Act has been criticized by commentators (2 Wigmore, Evidence §§578, 578a (Chadbourn rev. ed. 1979); E. Cleary & M. Graham, Handbook of Illinois Evidence §606.1, at 244-45 (3d ed. 1979); S. Gard, Illinois Evidence Manual, Rule 405 (1963)), as setting forth "an anachronistic approach, which should be removed." (*In re Estate of Babcock* (1983), 119 Ill. App. 3d 482, 492, 456 N.E.2d 671, 677.) We should not extend the rule by inference to a situation no more analogous than that here.