*In re* ESTATE OF JANETTE JUSTUS, Deceased (Kathryn J. Hanks *et al.*, Petitioners-Appellants, v. Janice L. Justus, Indiv. and as Ex'r of the purported Last Will and Testament of Janette Justus, *et al.*, Respondents-Appellees (William H. Justus *et al.*, Respondents)).

Third District No. 3—91—0630

Opinion filed April 6, 1993.

Hartzell, Glidden, Tucker & Hartzell, of Carthage (Stanley L. Tucker, of counsel), for appellants.

James L. Palmer, of Scholz, Staff & Palmer, of Quincy (Joseph A. Duesterhaus, of counsel), for appellees.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The petitioners, Kathryn J. Hanks and James E. Justus, filed a probate action challenging the will prepared by their mother, Janette Justus (the decedent) and seeking to set aside certain certificates of deposit held in joint tenancy. The circuit court of Hancock County entered orders granting a motion *in limine* filed by the respondents, Janice L. Justus and Jerold L. Justus. The orders excluded the opinion testimony of a psychologist regarding the mental state of the decedent prior to her death. The trial court certified the issues raised for interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), and we granted the petitioners' application for leave to appeal.

The two issues certified by the trial court and raised in this appeal are: (1) whether the expert testimony of a psychologist as to the decedent's mental condition is admissible pursuant to *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, when the psychologist's opinion is exclusively based upon information provided by the petitioners about conversations with the decedent and events which took place in the presence of the decedent; and (2) whether this testimony may be admitted regarding a challenge to the ownership of certificates of deposit held in joint tenancy even if such testimony would not be admissible in a will contest.

We affirm because we conclude the trial court did not abuse its discretion in determining that the psychologist's testimony was barred by the Dead Man's Act (Act) (Ill. Rev. Stat. 1991, ch. 110, par. 8—201).

The petitioners and the respondents are the children of the decedent. The respondent Janice Justus is the executrix of the decedent's will. She is also a legatee under the terms of the will and was the surviving joint tenant on certain certificates of deposit. The respondent Jerold Justus is a legatee under the terms of the will and allegedly received a benefit from and participated in the conversion of the certificates of deposit. The petitioners and two other children of the decedent were excluded from the decedent's will. The two other children, William H. Justus and Eleanor Jean Sopp, were named as respondents by the petitioners. However, they are not parties to this appeal.

The petitioners alleged in count I of their petition that the decedent lacked the mental capacity to make a will. In counts II and III, the petitioners sought to set aside certain certificates of deposit held in joint tenancy. In all three counts, the petitioners alleged undue influence by the respondents.

The respondents filed a motion *in limine* which sought to exclude the testimony of the petitioners' expert witness, Dr. Frank Froman. The motion stated that Dr. Froman's opinions regarding the mental state of the decedent were based solely upon interviews he had with the two petitioners, as well as forms and questionnaires they completed. The respondents pointed out that any statements made by the petitioners concerning their conversations with the decedent and the events which took place in the decedent's life would be inadmissible under the Act (Ill. Rev. Stat. 1991, ch. 110, par. 8—201). The respondents therefore argued that an expert whose opinion was based *solely* upon information inadmissible under the Act should be barred from

presenting expert testimony at trial. We agree with the respondents' analysis.

An order was subsequently entered which stated that the testimony of Dr. Froman would be excluded as evidence at trial "to the extent that it is exclusively based upon matters related to him by [the petitioners]." This order, however, stated that it was applicable only to count I of the petition. After additional argument was presented by the parties, an order was later entered which stated that Dr. Froman's testimony would also be excluded from a trial on counts II and III of the petition. This interlocutory appeal follows.

There is no real dispute that Dr. Froman's opinion is based upon information which would not be admissible under the Act. The Act provides, in pertinent part, as follows:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability \*\*\*." (Ill. Rev. Stat. 1991, ch. 110, par. 8—201.)

The purpose of the Act is to ensure a fair trial when one of the parties, the decedent, is unable to testify on his or her own behalf. (*In re Estate of Gott* (1991), 213 Ill. App. 3d 297, 300, 571 N.E.2d 1167, 1169.) The Act is not designed to disadvantage the living, but rather is designed to protect estates against fraudulent claims by putting the parties on equal footing. (*Gott*, 213 Ill. App. 3d at 300, 571 N.E.2d at 1169.) It "is recognized that the application of the Act is often harsh, applying to legitimate claims in order to ensure that other, fraudulent claims are not successfully prosecuted." *Gott*, 213 Ill. App. 3d at 301, 571 N.E.2d at 1169-70.

■ Under the Act, an interested party cannot testify concerning a decedent's competence or whether the decedent was under undue influence. (*In re Estate of Jones* (1987), 159 Ill. App. 3d 377, 384-85, 512 N.E.2d 1050, 1055.) Therefore, it is undisputed that the petitioners here would be prevented by the Act from testifying regarding: (1) conversations with the decedent; (2) events taking place in the presence of the decedent; (3) the decedent's competence; or (4) whether the decedent was under any undue influence. Dr. Froman's opinion is based upon information provided by the two petitioners which would not be allowed as testimony at trial. It has consistently been held that the Act will not allow parties to do by indirect means what they are

prohibited from doing directly. (*Gott*, 213 Ill. App. 3d at 301, 571 N.E.2d at 1170; *In re Estate of Konow* (1987), 154 Ill. App. 3d 744, 750, 506 N.E.2d 450, 453; *Manning v. Mock* (1983), 119 Ill. App. 3d 788, 800-01, 457 N.E.2d 447, 454.) Therefore, based upon our interpretation of the legislative intent of the Act, we find the trial court properly disallowed Dr. Froman's testimony. His testimony was clearly an attempt by the petitioners to introduce evidence indirectly which would otherwise be barred by the Act.

The petitioners argue, however, that Dr. Froman's testimony is admissible because he is an *expert* witness and will be presenting *expert* testimony. They contend that his testimony should be allowed based upon the supreme court's decision in *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322. In *Wilson*, the court adopted the trial procedures embodied in Federal Rules of Evidence 703 and 705. (*Wilson*, 84 Ill. 2d at 195-96, 417 N.E.2d at 1327.) Federal Rule 703 states:

> "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to [the expert] at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, *the facts or data need not be admissible in evidence.*" (Emphasis added.) Fed. R. Evid. 703.

The petitioners contend that Dr. Froman's expert testimony should be allowed into evidence based upon his deposition testimony. In his deposition, Dr. Froman said that the information he relied on in forming his opinion was of a type reasonably relied on by experts in his field. The petitioners point out that Dr. Froman stated it was common and appropriate to speak with family members in order to properly diagnose paranoid or delusional disorders. Dr. Froman said he used several methods to test the reliability of the data. He concluded that the data provided by the petitioners were reliable.

It is important to note that Rule 703 does *not* guarantee the admissibility of all expert testimony that meets its criteria. See *City of Chicago v. Anthony* (1990), 136 Ill. 2d 169, 187, 554 N.E.2d 1381, 1389.

In the instant appeal, the trial court was faced with a situation where the expert testimony sought to be introduced was barred by the Act. However, there was also evidence that the information relied on by the expert was reliable and was of the type reasonably relied on by experts in that particular field. In such a situation, it is for the trial court, in the proper exercise of its discretion, to determine

whether the evidence should be admitted. (*Anthony*, 136 Ill. 2d at 186, 554 N.E.2d at 1389.) The expert's opinion that the facts or data are of a type reasonably relied upon by experts in the field is only *one* factor that the trial court should consider. (*Anthony*, 136 Ill. 2d at 186, 554 N.E.2d at 1389.) The trial court must also consider the reason for the substantive inadmissibility of the facts or data relied upon by the expert. *Anthony*, 136 Ill. 2d at 186, 554 N.E.2d at 1389.

■ Here, the trial court determined Dr. Froman's opinion must be excluded because it was based upon incompetent evidence. Following our review of the record, we cannot say that the trial court's determination was an abuse of discretion. Dr. Froman did testify during his deposition that information from family members would typically be relied upon by a clinical psychologist. However, Dr. Froman also stated there was other information which normally would be obtained and relied upon. He further stated that it would be better to talk to as many family members or significant others as possible. However, we note here that the *only* information Dr. Froman relied upon came from the two petitioners who clearly had an intense interest in the outcome of the case. Accordingly, we hold that the trial court did not abuse its discretion when it excluded Dr. Froman's testimony.

Next, the petitioners argue that Dr. Froman's testimony should be allowed as evidence in the trial of counts II and III of their complaint. Count II seeks a declaratory judgment that the joint tenancy interest in certain certificates of deposit held by the decedent and respondent Janice Justus was the result of undue influence. Count III asks the court to hold that the certificates of deposit should be held in a constructive trust. Also, the petitioners demand an accounting from the respondents.

The petitioners argue that the Act does not apply to joint tenancy claims because the claims are not based upon the decedent's will. Also, the petitioners contend that the respondents are defending against these claims as individuals and not as representatives of the decedent. We disagree with the petitioners' contention that the Act does not apply to the joint tenancy claims.

It is longstanding Illinois law that the Act is applicable in a suit to set aside a deed made by the decedent. (*Lingle v. Bulfer* (1926), 322 Ill. 606, 611-12, 153 N.E. 589; *Carney v. Sheedy* (1920), 295 Ill. 78, 84, 128 N.E. 810; *Johnson v. Fulk* (1918), 282 Ill. 328, 330-31, 118 N.E. 706.) Moreover, based on *In re Estate of Abbot* (1987), 157 Ill. App. 3d 289, 292, 510 N.E.2d 619, 621-22, heirs who have a direct pe-

cuniary interest in the outcome of the litigation are considered to be persons directly interested in the action under the Act.

We previously have noted that the Act bars certain testimony from an adverse party or a person directly interested in "the trial of any action in which any party sues or defends as the representative of a deceased person." (Ill. Rev. Stat. 1991, ch. 110, par. 8—201.) The Act defines "representative" as "an executor, administrator, heir or legatee of a deceased person." Ill. Rev. Stat. 1991, ch. 110, par. 8—201(b).

■ Here, the petitioners' standing to sue is based upon their status as heirs of the decedent. Moreover, any recovery from the petitioners' claims concerning the certificates of deposit would increase their share of the estate in the event they are successful in having the will set aside. Therefore, even though the respondents are not defending against the petitioners' claims as representatives of the decedent, the petitioners *are* suing as "heirs" or representatives of the decedent.

Based upon its plain language, it is apparent that the Act applies to the petitioners' claims regarding the certificates of deposit and acts as a bar to their testimony concerning the decedent. See *In re Estate of Abbot* (1987), 157 Ill. App. 3d 289, 292, 510 N.E.2d 619, 621-22 (trial court erred in allowing the testimony of the petitioners regarding conversations about accounts held in joint tenancy).

The trial court did not abuse its discretion in determining that Dr. Froman's testimony should also be excluded from a trial concerning the joint tenancy certificates of deposit.

Accordingly, the orders of the circuit court of Hancock County which granted the respondents' motion *in limine* are affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.