THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALLEN EISKANT, Defendant-Appellee.

Fifth District   No. 5—92—0775

Opinion filed December 21, 1993.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Phillip A. Montalvo, of Wimmer, Stiehl & Montalvo, P.C., of Belleville, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Allen Eiskant, was charged with criminal sexual assault by force in connection with an incident which occurred on February 29, 1992, in Belleville, Illinois. Defendant's first jury trial in the circuit court of St. Clair County ended in a mistrial because of unsolicited inappropriate testimony by a witness. While awaiting a new trial, defendant filed a supplemental motion *in limine* to suppress the testimony of the State's expert on the topic of rape-trauma syndrome. After a pretrial hearing on the matter, the trial court determined the State's expert was qualified to testify but granted defendant's motion in any event. The court concluded the expert's testimony was inadmissible because "insufficient information ha[d] been collected from which an expert could reasonably rely on [*sic*] in reaching an opinion." The court also noted the expert would only indicate that the victim's actions were consistent with posttraumatic stress syndrome and, as a result, the jury would be left to speculate on whether the victim actually suffered from rape-trauma syndrome or some other recognized psychiatric condition. On reconsideration, the trial court, clarifying its position in granting defendant's motion, specifically stated the expert did not have a reasonable basis for her opinion. The State timely filed a notice of appeal and certificate of substantial impairment.

The State argues on appeal the trial court erred in excluding the testimony of its expert on the subject of rape-trauma syndrome. Specifically, the State contends the expert possessed sufficient

training and experience to testify and the trial court wrongly converted a question of weight into a question of inadmissibility. We agree.

The State's expert, Ms. Fern Ferguson-Bush, testified at the motion hearing that she currently is employed as the director of program services at the Volunteers of America, East St. Louis office. As director, her duties include providing services to victims of domestic abuse and sexual assault and supervising those who provide counseling services to such victims. She has been involved in providing services to victims of sexual abuse and assault for over 11 years and has been directly involved with 225 cases. She further testified she possesses a master's degree in social work and is licensed in Illinois as a social worker. Additionally, she has attended over 60 workshops on sexual abuse and has given over 100 presentations on topics such as rape-trauma syndrome, child sexual assault, and psychological responses to sexual assault. Given such training and experience, clearly, Ms. Ferguson-Bush was and is qualified to testify as an expert on rape-trauma syndrome. Our courts repeatedly have recognized that the indicia of expertise is not necessarily found in a given level of academic qualification. (See, *e.g., People v. Pollard* (1992), 225 Ill. App. 3d 970, 976, 589 N.E.2d 175, 179; *People v. Douglas* (1989), 183 Ill. App. 3d 241, 254, 538 N.E.2d 1335, 1343.) The question is whether the expert has knowledge and experience beyond the average person which would assist the jury in evaluating the evidence. (See, *e.g., People v. Davis* (1992), 223 Ill. App. 3d 580, 593, 585 N.E.2d 214, 223; *People v. Coleman* (1990), 205 Ill. App. 3d 567, 584, 563 N.E.2d 1010, 1021.) Moreover, under section 115—7.2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—7.2 (now 725 ILCS 5/115—7.2 (West 1992))), persons other than those in the medical field may be qualified to provide relevant, reliable insight into posttraumatic stress syndrome. (See also *People v. Wasson* (1991), 211 Ill. App. 3d 264, 271, 569 N.E.2d 1321, 1326.) The trial court therefore properly found Ms. Ferguson-Bush to be qualified as an expert. The trial court also properly did not stop at this point. In addition to determining that the witness has sufficient education or experience to testify as an expert, the court must also determine that the bases of the expert's opinions are items that are customarily relied upon and that such items are sufficiently trustworthy to make the expert's reliance reasonable. (See *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322.) This is where the trial court erred.

■ The record from the motion hearing reveals Ms. Ferguson-Bush intended to testify at trial that the victim exhibited certain behaviors or characteristics consistent with rape-trauma syndrome. In forming such an opinion, Ms. Ferguson-Bush testified she relied on the hospital medical report, the emergency room nurse's notes describing the victim's behaviors, the victim's statements to the police, and her own interview with the victim, an interview which lasted approximately two hours. Ms. Ferguson-Bush also planned to observe the victim during trial and take into consideration such observations in rendering her opinion. The trial court believed such information was insufficient for an expert to rely on in forming an opinion. In reaching this conclusion, the court specifically noted Ms. Ferguson-Bush did not interview any other members of the victim's family nor had she treated or counseled the victim. Rape-trauma evidence, however, may be introduced through the testimony of non-examining experts. (See *People v. Wheeler* (1992), 151 Ill. 2d 298, 309, 602 N.E.2d 826, 832.) While this may not be the preferred method (*Wheeler*, 151 Ill. 2d at 309, 602 N.E.2d at 832), the expert here did in fact personally interview the victim. More importantly, the source of information is relevant to the question of weight; it should not affect the admissibility of the expert's opinion if such information is generally relied on by experts in the field. (*Coleman*, 205 Ill. App. 3d at 585, 563 N.E.2d at 1022.) It is the opposing party's responsibility to challenge on cross-examination the sufficiency or reliability of the expert's opinion. (See *People v. Lipscomb* (1991), 215 Ill. App. 3d 413, 435, 574 N.E.2d 1345, 1359.) Moreover, contrary to the trial court's ruling, the information upon which Ms. Ferguson-Bush based her opinion was sufficient to enable her to form an opinion. (See, *e.g., People v. Coleman* (1990), 205 Ill. App. 3d 567, 563 N.E.2d 1010 (expert's information from others' reports); *People v. Harp* (1990), 193 Ill. App. 3d 838, 550 N.E.2d 1163 (expert examined diaries of victim); *People v. Server* (1986), 148 Ill. App. 3d 888, 499 N.E.2d 1019 (expert interviewed victim, reviewed reports and schoolwork, observed testimony in court).) In fact, our research has not revealed any case which requires the expert to have counseled the victim or to have interviewed family members. The trial court therefore erred in granting defendant's motion on the grounds Ms. Ferguson-Bush did not have a reasonable basis for her opinion.

■ We also find fault with the trial court's ruling that Ms. Ferguson-Bush's testimony was inadmissible because she would not render a diagnosis and would only testify the victim exhibited

symptoms consistent with rape-trauma syndrome. We have already acknowledged in *People v. Nelson* (1990), 203 Ill. App. 3d 1038, 561 N.E.2d 439, that, in general, it is medically improper to diagnose the existence of a syndrome. (*Nelson*, 203 Ill. App. 3d at 1047, 561 N.E.2d at 445.) The preferred testimony is whether or not the victim exhibited symptoms, behaviors, or characteristics consistent with the syndrome in question. (See, *e.g., Pollard*, 225 Ill. App. 3d at 977-78, 589 N.E.2d at 180; *People v. Warren* (1991), 217 Ill. App. 3d 778, 784-85, 577 N.E.2d 936, 940; *Harp*, 193 Ill. App. 3d at 845, 550 N.E.2d at 1167-68; *Douglas*, 183 Ill. App. 3d at 255, 538 N.E.2d at 1344.) It is then for the opposing party to refute and point out the fallibility of such evidence, and it is for the trier of fact to weigh all of the testimony and judge its credibility. (See, *e.g., Davis*, 223 Ill. App. 3d at 593, 585 N.E.2d at 223; *Wasson*, 211 Ill. App. 3d at 272, 569 N.E.2d at 1327.) Again, the fact that many of the victim's symptoms may be caused by factors other than sexual assault or abuse goes to the weight to be awarded such testimony, not its admissibility. (See *Pollard*, 225 Ill. App. 3d at 978, 589 N.E.2d at 180-81; *Davis*, 223 Ill. App. 3d at 594, 585 N.E.2d at 224.) The trial court therefore erred in excluding Ms. Ferguson-Bush's testimony on the grounds she would not render a diagnosis. Because the court improperly ruled Ms. Ferguson-Bush's testimony was inadmissible, we must reverse the order of the court granting defendant's motion.

For the aforementioned reasons, we reverse the decision of the circuit court of St. Clair County suppressing the testimony of the State's expert on the issue of rape-trauma syndrome. Accordingly, we remand this cause to the circuit court for further proceedings.

Reversed and remanded.

WELCH and GOLDENHERSH, JJ., concur.