LEONARD KEEVEN, as Trustee of the Leonard Keeven Trust, *et al.*, Plaintiffs-Appellants, v. THE CITY OF HIGHLAND, Defendant-Appellee.

Fifth District    No. 5—97—0004

Opinion filed January 14, 1998.

Dennis L. Koch, of Highland, for appellants.

Thomas W. Kelty, of Kelty Law Offices, P.C., of Springfield, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Leonard Keeven, representing himself and other nonresidents of the City of Highland, filed a class action lawsuit against the defendant, the City of Highland (Highland), alleging that water rate ordinances enacted by Highland on and after April 2, 1990, violated his and other nonresidents' common law right against unreasonable discrimination in water rates. Keeven sought an accounting and a refund of the overcharged amount and an injunction prohibiting Highland from overcharging the class members in the future. After a bench trial, the trial court ruled in favor of Highland. Keeven appeals.

The facts are as follows. Highland supplies water to its residents and certain customers outside the city. In late 1989, Highland hired an engineering firm, Black & Veatch, to prepare a financial plan and

rate analysis report for its water service, to be used in a proposal for new water rates. Based upon this report and other factors considered by the city manager, Highland enacted an ordinance that allows it to charge nonresidents 75% more for water than residents of Highland are charged. Keeven brought an action alleging unreasonable discrimination in water rates. From the trial court's ruling in favor of Highland, Keeven appeals.

The issues presented for review are:

1. Whether the trial court erred as a matter of law in utilizing the wrong factors to determine if the discrimination in water rates is reasonable.

2. Whether the court's judgment and findings are against the manifest weight of the evidence.

3. Whether the court erred as to the effect of stipulations and admissions made by Highland.

4. Whether the court erred as a matter of law in the admission and exclusion of evidence.

■ A municipality operating a public utility is subject to the same common law ratemaking principles as private or investor-owned utility companies regulated by the Illinois Commerce Commission. *Austin View Civic Ass'n v. City of Palos Heights*, 85 Ill. App. 3d 89, 94, 405 N.E.2d 1256, 1262 (1980). A municipality operating a public utility has a common law duty not to act in an unreasonably discriminatory manner. *Austin View Civic Ass'n*, 85 Ill. App. 3d at 95, 405 N.E.2d at 1262. Keeven contends that the trial court utilized the wrong factors to determine whether the different water rates were reasonable.

■ Since Highland is held to the same standard as private or investor-owned companies charged with unreasonable discrimination, the question of whether such unreasonable discrimination exists is one of fact to be based solely on the evidence presented. *Austin View Civic Ass'n*, 85 Ill. App. 3d at 99, 405 N.E.2d at 1265, citing *Produce Terminal Corp. v. Illinois Commerce Comm'n ex rel. Peoples Gas Light & Coke Co.*, 414 Ill. 582, 112 N.E.2d 141 (1953); *Village of Niles v. City of Chicago*, 82 Ill. App. 3d 60, 401 N.E.2d 1235 (1980). When a charge of unreasonable discrimination in rates is made, the test used for deciding the validity of the difference in rates is "whether the difference is reasonable, and not arbitrary, based on a consideration of such factors as differences in the amount of the product used, the time when used, *** or any other relevant factors reflecting a difference in costs." *Austin View Civic Ass'n*, 85 Ill. App. 3d at 99, 405 N.E.2d at 1265.

■ Keeven had the burden of proving by a preponderance of the

evidence that Highland's rates were unreasonably discriminatory. Keeven contends that the trial court erroneously seized upon the phrase "any other relevant factors" from *Austin View Civic Ass'n* in reaching its judgment. We disagree.

As stated above, the question of whether unreasonable discrimination exists is one of fact to be based on the evidence presented. Therefore, the trial court was allowed to accept the testimony of Highland's expert and exhibits that suggested that there are certain other costs associated with the delivery of water to nonresidents as relevant factors supporting a difference in the rates. These costs include lost revenue to Highland through the loss of state-shared revenue and burdens created by the out-of-city water lines' capacity, maintenance, and liability issues.

Keeven's next contention is that the court's judgment was against the manifest weight of the evidence in that the court erred in its assessment of expert witness testimony and other evidence presented. This claim relates to Keeven's contention that the court used the wrong factors to determine if the discrimination in the water rates was reasonable. As discussed earlier, the trial court was free to consider all the relevant evidence presented in deciding whether the water rates were unreasonable. This includes the additional costs discussed above.

Keeven asserts that the test is whether the difference is reasonable and not arbitrary. That is only part of the test. The court was correct in considering the other factors. Because Keeven based his contentions on only a portion of the test, his contentions must fail. See *Austin View Civic Ass'n*, 85 Ill. App. 3d 89, 405 N.E.2d 1256.

■ Keeven asserts that the trial court erred in its treatment of certain stipulations and admissions made by Highland. Keeven focuses on the admission by Highland that discrimination in water rates exists and the stipulation that the Black & Veatch analysis supports an outside versus inside water usage rate differential of approximately 1.35. Keeven contends that the admissions and stipulations are judicial admissions and cannot be controverted at trial.

Judicial admissions are binding upon the party making them and may not be controverted. *Giamanco v. Giamanco*, 111 Ill. App. 3d 1017, 444 N.E.2d 1090 (1982); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.11, at 692 (6th ed. 1994). Judicial admissions include admissions in the pleadings of the case, written admissions filed in court, stipulations of fact, and admissions pursuant to requests to admit. M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.11, at 692 (6th ed. 1994). The facts Highland stipulated to do not eliminate from dispute the issue of the reasonable-

ness of the water rates or the issue of what factors are relevant in determining water rates. The pertinent portions of Highland's stipulation are as follows: "[T]he City stipulates to Mr. Sankpill's opinion that the Black & Veatch analysis will only support an outside versus inside water usage rate differential of approximately 1.35," and, "Therefore, the following facts are not in dispute:

> 1. That the ordinances which set rates charged by the City to outside water customers are discriminatory;
> 2. The analysis and results contained in the Black & Veatch reports[.]"

These stipulations and admissions only recognize that the rates are discriminatory and that the Black & Veatch reports existed. Highland never stipulated that the Black & Veatch reports were correct, nor did it stipulate that the water rates were *unreasonably* discriminatory. In effect, Highland only admitted that certain persons expressed certain opinions, never once stipulating that it agreed with the opinions. Keeven's expert was entitled to consider the Black & Veatch reports in forming his opinion. See *Wilson v. Clark*, 84 Ill. 2d 186, 193, 417 N.E.2d 1322, 1326 (1981). The trial court had the opinion of both Keeven's expert and Highland's expert before it and chose to accept the opinion of Highland's expert. That is the role of the fact finder. *Stambaugh v. International Harvester Co.*, 106 Ill. App. 3d 1, 19, 435 N.E.2d 729, 743 (1982) ("the evidence created a question for the [fact finder] to resolve"), *rev'd on other grounds*, 102 Ill. 2d 250, 464 N.E.2d 1011 (1984). Keeven had the burden of proof to carry by a preponderance of the evidence, which he failed to do.

■ Keeven's next contention is that the court erred as a matter of law in the admission and exclusion of evidence. At trial, Keeven objected to Highland introducing, through expert testimony, factors used by other communities in establishing water rates. Keeven asserts that the factors used by other communities are irrelevant absent a foundation that the services provided are comparable, relying on *Antioch Milling Co. v. Public Service Co. of Northern Illinois*, 4 Ill. 2d 200, 123 N.E.2d 302 (1954). Keeven further asserts that the trial court should not have allowed such testimony. We disagree.

At trial, Highland's expert stated that his experience consisted of working on water rate studies since 1977. The testimony Keeven objected to consisted of the expert listing several factors that municipalities, which he had advised, considered when setting water rates. After Keeven objected, Highland responded that the testimony was relevant to probe the scope and depth of the witness's experience to show the basis for his opinions. The trial court was correct in its ruling on the evidence. See *Wilson*, 84 Ill. 2d 186, 417 N.E.2d 1322.

In *Antioch Milling Co.*, a privately owned milling company filed an action claiming Public Service Company of Northern Illinois (Public Service), an electrical company, was charging it a higher rate for its services than commercial milling companies were being charged. *Antioch Milling Co. v. Public Service Co. of Northern Illinois*, 4 Ill. 2d 200, 123 N.E.2d 302 (1954). The milling company asserted that Public Service's rate was unreasonably discriminatory. The milling company sought to offer evidence of lower rates charged to it by other public utilities. The milling company wanted to use this to show that Public Service should also charge the milling company lower rates. The trial court refused to admit the evidence because the milling company made no offer to show that the conditions of service were comparable. Our supreme court affirmed. *Antioch Milling Co.*, 4 Ill. 2d at 210, 123 N.E.2d at 308.

The *Antioch Milling Co.* case does not address the issue at hand. Highland offered the challenged evidence to establish the experience of its expert and as the basis of his opinions. It was not offered as substantive evidence. The challenged evidence was properly admitted for the limited purpose offered.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

KUEHN and GOLDENHERSH, JJ., concur.